UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL F. SULLIVAN, | ) | |
| Plaintiff, | ) | |
| | ) | 3:13-cv-00055-RCJ-WGC |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a residential foreclosure avoidance action. Pending before the Court are a Motion to Remand (ECF No. 11) and two Motions to Dismiss (ECF Nos. 16, 19). For the reasons given herein, the Court grants the Motions to Dismiss and denies the Motion to Remand.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Michael Sullivan gave lender Washington Mutual Bank, FA ("WaMu") a $297,500 promissory note (the "Note") to purchase or refinance real property at 850 Thoroughbred Cir., Reno, NV 89506, secured by a deed of trust (the "DOT") to trustee California Reconveyance Co. ("CRC"). (*See* DOT 1–3, Aug. 26, 2005, ECF No. 16-1). Mortgage Electronic Registration Systems, Inc. ("MERS") does not appear to have been a party to the DOT. WaMu later assigned the Note and DOT to Wells Fargo Bank, N.A. ("Wells Fargo"). (*See* Assignment, Feb. 26, 2007, ECF No. 16-1). Wells Fargo then substituted Quality Loan Servicing Co. ("QLS") as trustee on the DOT. (*See* Substitution, July 8, 2011, ECF No. 16-

3). QLS filed a Notice of Breach and Default and Election to Cause Sale of Real Property Under Deed of Trust (the "NOD"). (*See* NOD, July 15, 2011, ECF No. 16-4). Upon judicial review of the Foreclosure Mediation Program ("FM") proceedings, the state district court found that the beneficiary and trustee had been represented at the mediation by a person with the proper documents and authority to modify the loan, and that they had acted in good faith. (*See* Order, Sept. 25, 2012, ECF No. 16-5). The Deputy Director of the FMP Program therefore issued an FMP Certificate permitting the foreclosure to proceed. (*See* FMP Certificate, Nov. 8, 2012, ECF No. 16-6). QLS noticed a trustee's sale for December 26, 2012. (*See* Notice of Trustee's Sale, Nov. 29, 2012, ECF No. 16-7). Plaintiff filed the Complaint in state court to prevent the sale, (*see* Compl., Dec. 19, 2012, ECF No. 1-1). The state district court dismissed all claims for failure to state a claim, with leave to amend. (*See* Order, Jan. 25, 2013, ECF No. 16-8). Wells Fargo, having been served less than thirty days earlier, removed to this Court on February 4, 2013. Plaintiff has moved to remand for lack of diversity and has filed the First Amended Complaint ("FAC"). Defendants have separately moved to dismiss. In the meantime, Wells Fargo has given the Federal National Mortgage Association ("Fannie Mae") a Trustee's Deed upon Sale and assigned it the DOT. (*See* Trustee's Deed Upon Sale, Feb. 6, 2013, ECF No. 16-10; Assignment, Jan. 10, 2013, ECF No. 16-9).[1]

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

---

[1] The assignment of the DOT to the purchaser at the trustee's sale (Fannie Mae) was superfluous, as a DOT is extinguished by a trustee's sale and is thereafter of no further utility or value.

12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

2001).

## III.   ANALYSIS

The FAC lists the same seven nominal causes of action as the Complaint.  The FAC does not cure the deficiencies in the Complaint.  Plaintiff admits, adamantly, that Wells Fargo never offered any modification and that Wells Fargo was clear that the temporary payment plan it offered was not an offer of modification.  The Court also rejects the "show me the note" arguments in the FAC.  Plaintiff need not fear being harassed by any subsequent holder of the Note.  The foreclosure of the DOT extinguished the Note by operation of law.  No party may ever again attempt to enforce it.  Nor was an affidavit of authority required to be filed with the NOD in this case under section 107.080, because that requirement only became effective on October 1, 2011, which is also true of the requirements under section 107.028.  There is simply no indication of a statutorily defective foreclosure in this case, and it appears undisputed that the Note was in default at the time of foreclosure, negating any common law wrongful foreclosure claim.  Plaintiff has not cured the defects in the other claims identified in the state court.  Accordingly, the Court grants the motions to dismiss.

Plaintiff also argues that removal was improper because there is a Nevada Defendant, i.e., Kristin A. Schuler-Hintz.  Defendant QLS has adduced an affidavit attesting that Schuler-Hintz is merely its registered agent for service of process in Nevada and an attorney working for a private law firm representing QLS, not an employee of QLS.  The Court's own docket and the Nevada Secretary of State's website confirm this.  Schuler-Hintz is not properly joined.  Her only alleged wrongdoing is in representing QLS, except insofar as she may be the target of the abuse of process claim, which is clearly unmeritorious under state law. *See Wensley v. First Nat'l Bank of Nev.*, 874 F. Supp. 2d 957, 968 (D. Nev. 2012) (Reed, J.) ("Plaintiff's claim for abuse of process fails as a matter of law because non-judicial foreclosure is not the type of 'process' addressed by the abuse of process tort as it does not involve judicial action.").

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 16, 19) are GRANTED.

IT IS FURTHER ORDERED that the Motion to Remand (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 30th day of August, 2013.

_____
ROBERT C. JONES
United States District Judge